# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OHIO
# EASTERN DIVISION

JERMAINE KELLY,

    Petitioner,

v.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:19-CV-1984
JUDGE MICHAEL H. WATSON
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On November 26, 2019, the Magistrate Judge issued a Report and Recommendation recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. ECF No. 19. Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. ECF No. 23. Respondent has filed a Response. ECF No. 24. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection, ECF No. 23, is **OVERRULED**. The Report and Recommendation, ECF No. 19, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner's Motion for Extension of Time to Respond to Respondent's Objections, ECF No. 26, and Motion for Expansion of the Record, ECF No. 27, are **DENIED**.

The Court **DECLINES** to issue a certificate of appealability.

On January 29, 2020, Petitioner filed a request for an extension of time to reply to the Repondent's Response to his Objection, indicating that he does not receive his mail in a timely fashion. ECF No. 26. Under the Civil Rules, Petitioner is not entitled to reply to Respondent's response to his objections. Fed. R. Civ. P. 71(b)(2). Petitioner's Motion for Extension of Time to Respond to Respondent's Objections, ECF No. 26, is, therefore, **DENIED**.

Petitioner also has filed a Motion for Expansion of the Record, requesting that the Respondent be directed to provide a copy of the verdict forms; however, a copy of the verdict forms will not assist the Court in resolving any of the issues raised by the Petitioner. The Motion for Expansion of the Record, ECF No. 27, therefore is **DENIED**.

This case involves Petitioner's underlying convictions after a jury trial in the Delaware County Court of Common Pleas on murder, intimidation, and having a weapon while under disability. Petitioner asserts that he was denied a fair trial because the trial court refused to grant his request for a severance of his trial from that of the co-defendant; that he was denied the effective assistance of counsel because his attorney failed to renew the request for a severance of trials; that the evidence is constitutionally insufficient to sustain his convictions; and that his convictions are against the manifest weight of the evidence. The Magistrate Judge recommended dismissal of Petitioner's claims as procedurally defaulted or without merit. Petitioner objects to the Magistrate Judge's recommendations.

Petitioner again raises all of the same arguments he previously presented. Additionally, he asserts that he was denied a fair trial based on cumulative error.

Petitioner filed this action in May 2019. He cannot now amend his Petition via the filing of objections to include an additional claim of cumulative error. Moreover, this claim does not provide him a basis for relief. "The Sixth Circuit repeatedly has held that 'the law of this Circuit is that cumulative error claims are not cognizable on habeas because the Supreme Court has not spoken on this issue.'" *Billenstein v. Warden, Warren Corr. Inst.*, No. 3:15-cv-1097, 2016 WL 4547413, at *8 (N.D. Ohio July 8, 2016) (citing *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006); *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005); *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011)). Petitioner's remaining arguments are not well-taken. For the reasons already well-detailed in the Magistrate Judge's Report and Recommendation, this Court likewise concludes that Petitioner has procedurally defaulted his claims or that they lack merit. Therefore, Petitioner's Objection, ECF No. 23, is **OVERRULED**. The Report and Recommendation, ECF No. 19, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*,

135 S. Ct. 2647, 2650 (2015); 28 U.S.C. 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

This Court is not persuaded that reasonable jurists would debate the dismissal of this action. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court **CERTIFIES** that the appeal would not be in good faith such that an application to proceed *in forma pauperis* on appeal should be **DENIED**. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**